UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT GIRTS** | : | Case No.02-CV-00264 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **CHRIS YANAI, WARDEN** | : | <u>**MEMORANDUM & ORDER**</u> |
| **Respondent.** | : | |

On November 4, 2008, Respondent Chris Yanai filed an oral motion for clarification of this Court's Order granting Petitioner's motion for an unconditional writ of habeas corpus (Doc. 50). Respondent asked this Court whether the Petitioner may be retried. For the foregoing reasons, this Court has determined that the interests of law and justice **<u>DO NOT BAR</u>** the retrial of Mr. Girts, but **<u>BAR</u>** the State from detaining Mr. Girts unless and until such time as the State can secure a constitutional conviction against him.[1]

**I. BACKGROUND**

On February 9, 1993, the Petitioner was indicted for aggravated murder in Cuyahoga County, Ohio. Although a jury convicted Mr. Girts of murder, the Court of Appeals of Ohio reversed this conviction. *Ohio v. Girts*, No. 65750, 1994 Ohio App. LEXIS 3318, at \*28-29 (Ohio Ct. App. June 28, 1994). That court was troubled by prosecutorial conduct that "fl[ew] in the face of the

---

[1] There are three distinct orders that can properly be issued by a habeas court. First, the court can issue a conditional writ of habeas corpus (*see* Doc. 41). *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 365 (6th Cir. 2006). Second, if this condition is not met, the court then issues an unconditional writ of habeas corpus (*see* Doc. 50). *Id*. at 368. Finally, in extraordinary circumstances, a habeas court may bar retrial of the petitioner. *Id.* at 370; *see also Capps v. Sullivan*, 13 F.3d 350 (10th Cir. 1993).

Constitution." *Id*. At trial, the prosecutor had alleged that Mr. Girts' confessed guilt to another prisoner, but did not produce the prisoner for questioning. Perhaps most disturbingly, the prosecutor made this allegation despite the absence of a good faith belief that Mr. Girts had confessed. *Id.* at *31-32. On cross examination, the prosecutor entered into the following colloquy with Mr. Girts:

> Q. Isn't it a fact that you told a prisoner in county jail on the early morning hours of February , 19 – I'm sorry – February 11, 1993 that you killed your wife but that the State would never be able to prove it?
>
> A. No, sir, that's incorrect.
>
> Q. It's incorrect? Do you recall being in the same pod with an individual by the name of Terry Lindsay?
>
> A. I don't know Mr. Lindsay, Sir.
>
> Q. How about a white male approximately 48 years old, beard, had a bad leg. Does that refresh your memory?
>
> A. No, sir, it doesn't.

*Id*. at *23. Given the prosecutor's failure to produce Mr. Lindsay, the State court properly considered this exchange a violation of Mr. Girts' constitutional right to confront witnesses against him and reversed Mr. Girts' conviction on June 28, 1994. *Id*.

Following the reversal of this conviction, the State retried Mr. Girts and secured a second conviction on August 9, 1995. This second conviction was obtained, however, only after the State repeatedly "implied that [Mr. Girts] was obligated to testify and speak to the police." *Girts v. Yanai*, 501 F.3d 743, 756 (6th Cir. 2007). The Sixth Circuit found that "[t]he prosecutor's three statements were improper, misleading and highly prejudicial." *Id*. Indeed, the Sixth Circuit explained that "[Mr. Girts'] silence was a central theme in the prosecutor's closing argument." *Id*. There was,

accordingly, a "very strong likelihood that [the] prosecutor's prejudicial statements misled the jury." *Id*.

Consequently, on September 5, 2007, the Sixth Circuit instructed this Court "to order Petitioner's release from custody unless the State of Ohio grants Petitioner a new trial within 180 days." *Id*. at 761.[2] The State successfully sought one stay of the Sixth Circuit's mandate, but never sought to renew this stay and, on March 12, 2008, the Sixth Circuit issued its mandate. On April 14, 2008, this Court complied with that mandate and entered an Order stating:

> Petitioner's application for a writ of habeas corpus is **CONDITIONALLY GRANTED** as follows. Unless the State of Ohio grants Petitioner a new trial within 180 days from the date of this Order, Petitioner is to be released from custody at that time.

Doc. 41 (emphasis in original). On its face, this Order required the state to empanel a new jury within 180 days, a little over a year after the Sixth Circuit's initial Order requiring that the State provide Mr. Girts with a new trial.

The State failed to comply with this conditional writ and failed to take any steps towards ensuring compliance.[3] Instead, on October 14, 2008 (after the conditional writ expired), the State arranged a pretrial conference. Trial Counsel was appointed for Mr. Girts only very shortly prior to this conference, was able to spend less than 5 minutes conferring with Mr. Girts before the

---

[2] The Sixth Circuit granted this conditional writ because Mr. Girts demonstrated that trial counsel had been constitutionally ineffective for failing to raise the Fifth Amendment claim. *Girts*, 501 F.3d at 756.

[3] Three business days prior to the expiration of the 180 day clock, the State moved this court for an extension of time to comply with the writ (Doc. 43), which the Court initially granted. Shortly thereafter, however, upon reconsideration, it became clear to this Court that it had no power to grant such an extension. (Doc. 50.) It was then that this Court issued the unconditional writ that is the subject of this motion. (*Id*.) The State does not contend, nor does any evidence suggest, that the State could have retried Mr. Girts more quickly had this Court not erroneously granted the State's motion for an extension of time.

conference, and had no particular knowledge of Mr. Girts' case when the conference occurred.[4] At that pretrial conference, moreover, no trial date was set for this matter.

On November 4, 2008, the State called this Court seeking clarification regarding the scope of the Court's unconditional writ of habeas corpus (Doc. 50). In particular, the State asks this Court whether it intended to bar a new trial for Mr. Girts when issuing its unconditional writ. Furthermore, although the State was vague on this fact, it is the Court's understanding that the State wishes to detain Mr. Girts immediately following his release and to continue that detention at least until his apparently not-yet-scheduled third trial is completed.

**II. ANALYSIS**

A district court that receives a meritorious habeas petition is confronted with an individual detained in violation of the constitution or laws of the United States. A habeas court's role, however, is to "repair the constitutional deprivation," rather than simply to order a detainee released from custody. The modern practice when granting a writ of habeas corpus is to "give the State[] time to replace an invalid judgment with a valid one." *Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring). If the State fails to replace the invalid judgment in the allotted time period, only then is the consequence release. *Id.*

A habeas court's power "is not limited to ordering a prisoner's discharge from physical custody." *Saterlee*, 453 F.3d at 370. District courts possess the broad discretion to "dispose of the [habeas petition] *as law and justice require*." *Id*. (emphasis in original) (citing 28 U.S.C. § 2243). It is only rarely appropriate, however, to use this discretion to bar retrial – federal courts "usually

---

[4] While one motion was made at this pretrial conference, habeas counsel asserts that trial counsel only made this motion at the strong suggestion of habeas counsel. Habeas counsel is not representing Mr. Girts in his criminal proceedings.

-4-

permit rearrest and retrial after the time period specified in the conditional release order has elapsed and the prisoner has been released." *Id*. (citations omitted). An order barring retrial should be issued only in "extraordinary circumstances." *Id*. (citations omitted). The Sixth Circuit has stated that this occurs when "the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial." *Id*. (citations omitted).

The State contends that its actions during the 180-day conditional writ do not rise to the level of abuse, nor do they prejudice Mr. Girts. Mr. Girts, conversely, focuses this Court's attention to the inherent problem posed by a rule that effectively allows the State to ignore a conditional writ and face no consequences for having done so. His counsel argues:

> If the State were correct, and it could retry Mr. Girts for yet a third time, the 180 day deadline would be an empty vessel because there would be no consequence for the State's failure to comply with the writ's express condition. Accepting the State's position would completely undermine the purpose of a habeas petition when a State could, in essence, effectively grant itself an extension of the habeas deadline by ignoring this Court's ordered deadline and then retrying Mr. Girts upon his release from custody. At its core, the State asserts that it has the authority to defy this Court's Order with no real consequences. This simply does not square with the remedial purpose of habeas relief.

(*See* E-mail from Matthew Ridings (Nov. 4, 2008, 8:23pm).)[5] This Court cannot disagree with the logic of counsel's position, particularly in light of the prosecutorial misconduct that has been the hallmark of the State's prior two convictions. Sixth Circuit law, however, is to the contrary. Courts must reserve the "drastic remedy [barring reprosecution] for the most outrageous cases where . . . the State remains passive in the face of accumulating prejudice to the petitioner." *Scott v. Bock*, No. 99-10274, 2008 U.S. Dist. Lexis 73124, at *12 (E.D. Mich. Sept. 12, 2008) (citation omitted); *See*

---

[5] This e-mail was transmitted to both the Court and State.

*also Saterlee*, 453 F.3d at 370.

Generally speaking, the appropriate remedy offered by a habeas court in the face of gross procedural misconduct is a new trial free of such misconduct. This Court first ordered that remedy on April 14, 2008. (*See* Doc. 41.) The question before this Court is whether the State's conduct in the time since that Order is abusive or "likely to prejudice the petitioner." *Saterlee*, 453 F. 3d at 370. A bar forbidding retrial is only justified when "the constitutional violation [is] such that it cannot be remedied by another trial, or other exceptional circumstances exist such that the holding of a new trial would be unjust." *Capps*, 13 F. 3d at 352-53.

Though an extremely close question on these facts, the Court concludes that the State's conduct falls just short of the type of abuse contemplated by *Saterlee*. Certainly, there is little for this Court to praise in the State's conduct. Given the backdrop of a case with such extreme prosecutorial misconduct at <u>two</u> separate trials, this Court would have expected the State to be particularly diligent with respect to the habeas process and Mr. Girts' third trial. Instead, the State neglected the various appropriate options at its disposal. The State could have sought an additional stay of the Sixth Circuit's mandate or simply provided Mr. Girts with a lawful trial, but failed to pursue either option.[6]

Furthermore, the State's conduct since realizing its noncompliance has been troubling. Not only has the State apparently held a "pretrial hearing" without any clear intention of moving this case forward, the State also appears intent on securing a state court order that it hopes will prevent this Court from entering a Bar Order if it should find such an order appropriate – i.e., if it should

---

[6] The State has suggested, both orally and in prior moving papers, that it failed to comply with the conditional writ because various Assistant Attorney Generals failed to communicate with each other. This explanation does not excuse noncompliance with a court order.

-6-

conclude that the State's conduct in this case has, indeed, been extraordinarily abusive. Specifically, Mr. Girts' habeas counsel informed the Court that, after being told that this Court would issue a written Order addressing the pending motion by no later than noon tomorrow, the Assistant Attorney General assigned to this matter arranged a hearing in state court for 10 a.m. While this Court is rarely surprised when litigants engage in forum shopping, the Court is shocked in this instance. First, the Court simply expects more from the Attorney General than from a "typical" litigant. Second, the State itself asked this Court for the very ruling it is now apparently trying to avoid.[7]

The Court also takes note of the lengthy period of time during which Mr. Girts has been in jail following constitutionally infirm convictions. Mr. Girts has been imprisoned for fifteen years. The State has now had three opportunities to establish the Petitioner's guilt (twice at trial and once in response to this Court's conditional writ), yet has failed to do so. In light of these three failed attempts, the strength of the evidence regarding Mr. Girts' guilt is particularly relevant. The Court is mindful that the Sixth Circuit has noted that the State's case consisted of "weak and limited evidence." *Girts*, 501 F.3d at 757. That panel said:

> The record shows that Petitioner was out of state when his wife died. The prosecutor also had little, if any, evidence concerning the alleged ingestion of cyanide. More specifically, during the first autopsy, the toxicology test for cyanide did not yield a positive result. Although the second toxicology test yielded a positive result for cyanide, Petitioner's wife did not exhibit physical symptoms of cyanide poisoning.

*Id.* at 761. It is at least possible, accordingly, that the State has been unable to secure a lawful conviction of Mr. Girts because the State will never be able to secure a lawful conviction of Mr. Girts.

---

[7] The State was under no obligation to seek clarification of this Court's ruling. Having taken that step, however, it is inappropriate for the State to seek to bypass this Court exclusively because the State anticipates that it may not like the clarification it receives.

On the other hand, and ultimately dispositively, the Court cannot say that the current delay prejudices Mr. Girts's defense relative to a new trial held within the initial 180-day window.[8] For this reason, the Court will not bar the State from securing a lawful conviction against Mr. Girts if it is able to do so. *See Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) ("[H]olding a conviction invalid and granting the writ do not generally bar retrial on the original charge."). Nevertheless, mindful of the extreme prosecutorial misconduct that underlies the State's first two convictions of Mr. Girts, the State's conduct in apparently attempting to bypass this Court's current ruling, the State's failure to even attempt to secure a lawful conviction when given a third opportunity to do so, and the possibility that the State never will be able to secure a lawful conviction of Mr. Girts, this Court will not allow the State to detain Mr. Girts while it attempts to obtain a lawful conviction. *See Satterlee*, 453 F.3d at 370 ("The habeas statute provides that "[t]he court shall . . . dispose of the matter as *law and justice require*." Based on this broad language, the Supreme Court has explained that the remedial power possessed by habeas courts is not limited to ordering a prisoner's discharge

---

[8] The case law is unclear regarding whether a district court may only bar retrial when a new trial would cause actual prejudice to the petitioner. *Satterlee* contains language indicating that prejudice is not a requirement in the presence of extraordinarily unjust conduct by the State, whereas other courts appear to require prejudice. *Compare Satterlee*, 453 F.3d at 370 (stating that a bar order is appropriate when the State "abusively fails to act . . . or is likely to prejudice the petitioner's ability to mount a defense") (emphasis added) *with Capps*, 13 F.3d at 353 ("[B]ecause nothing in the record suggests the constitutional violation was not redressable in a new trial, the district court apparently abused its discretion [by barring retrial.]"). Whether a necessary prerequisite or simply a factor to consider, this Court believes prejudice is a weighty concern in light of the extraordinary nature of an order barring retrial. In this case, the apparent absence of any prejudice to Mr. Girts's ability to mount a defense tilts the scales against a bar order.

The Court is mindful of the apparent paradox that, because fifteen years have passed since Mr. Girts' initial indictment, Mr. Girts is less prejudiced by an additional delay in his trial less than some other petitioner might be. This counterintuitive result exists only because of the unique considerations undertaken by a habeas court evaluating whether to bar retrial. This Court does not suggest that the question of prejudice should be evaluated in this manner by a court in other contexts, such as the right to a Speedy Trial or the right to Due Process.

from physical custody.") (emphasis in original) (citations omitted). Ultimately, the Court concludes that "law and justice require" an Order prohibiting further pre-trial detention of Mr. Girts.[9]

### III. CONCLUSION

For the foregoing reasons, this Court has determined that the interests of law and justice **DO NOT BAR** the retrial of Mr. Girts, but **BAR** the State from detaining Mr. Girts unless and until such time as the State can secure a constitutional conviction against him.

**IT IS SO ORDERED.**

*s/Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: November 5, 2008**

---

[9] This Court does not suggest, of course, that a State court may not take appropriate action to ensure that Mr. Girts is available for trial. Such action, however, must be narrowly tailored to that exclusive goal and may not include an order of detention.